## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**MARCELLO DIPIETRO, III.** | **Case No. 24–cr–00820–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on *pro se* defendant Marcello DiPietro, III's motion for reduction of sentence under the First Step Act (Motion) (ECF No. 24); and the government having filed an opposition to the Motion (ECF No. 27); and the Court finding,

1.    On December 16, 2024, DiPietro pleaded guilty to a three-count Information charging him with bank fraud, false statements to influence the United States Small Business Administration, and income tax evasion.   (ECF No. 5.)   On December 1, 2025, I applied a downward variance from the 41–51 month Sentencing Guideline range and sentenced DiPietro to 36 months incarceration and five years of supervised release. (ECF Nos. 22, 23.) DiPietro surrendered to the Bureau of Prison (BOP) on January 22, 2026 and is expected to be released on August 10, 2028.   (ECF No. 27 p. 2.)

2.    On February 4, 2026, less than one month since reporting to prison, DiPietro filed the Motion.   (ECF No. 24.)   DiPietro argues that he should be released because of "serious medical conditions" and family circumstances. (*Id.* pp. 1, 2.)   DiPietro asserts that the prison is unable to manage his recently diagnosed severe obstructive sleep apnea, diabetes, high blood pressure, high cholesterol, irritable bowel syndrome, enlarged kidney, and severe migraines. (*Id.* pp. 2, 3.)   DiPietro also notes that his four children have difficulty coping with his absence and his wife, who works full time, has to perform all parental duties. (*Id.* p. 4.)   DiPietro's daughter submitted a letter detailing the emotional hardship she suffers from because of her father being in custody. (ECF No. 24 p. 10.)

3.    Under the First Step Act, a defendant may "request a reduction in sentence, also known as 'compassionate release,' for 'extraordinary and compelling reasons' after exhausting administrative remedies."   *United States*

*v. DeSciscio*, No. 88–00239, 2023 WL 8878128, at *1 (D.N.J. Dec. 22, 2023) (quoting 18 U.S.C. §3582(c)(1)(A)). "Before a defendant can bring a motion for reduced sentence on their own behalf directly with the district court, a defendants "must ask the . . . []BOP[] to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." *Id.* (quoting *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020)). "A defendant seeking a reduction in his sentence under the First Step Act 'bears the burden' of proving that he has exhausted administrative remedies before seeking judicial review." *Id.* at *2 (quoting *United States v. Sellers*, No. 10–00434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020)).

4.      If all administrative remedies have been exhausted, a court may then reduce an inmate's sentence if: (a) "there are 'extraordinary and compelling reasons" that warrant a reduction"; (b) "the reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission' as well as the Court's independent assessment"; and (c) "the sentencing factors set forth in [18 U.S.C.] §3553(a)" warrant a reduction. *Id.* (quoting *United States v. Brown*, No. 07–00019, 2020 WL 2466081, at *2 (D.N.J. May 13, 2020)).

5.      DiPietro asserts that because the warden had not responded to his written request for compassionate release by the time the Motion was filed, he exhausted his administrative remedies. (ECF No. 24 pp.1, 2.) The government advises that BOP records show no such request for administrative relief.  (ECF No. 27 p.5.)  The failure to exhaust administrative remedies is, thus, fatal to the Motion. *See Brooks v. Warden of F.C.I. Fort Dix*, No. 09–03323, 2009 WL 2448516, at *3 (D.N.J. Aug. 10, 2009) (requiring administrative exhaustion may allow the BOP to address the defendant's claim without having to file a motion in federal court).

6.      Assuming DiPietro had exhausted administrative remedies, the Motion would be denied on the merits.  While DiPietro only indicated he "may be pre-diabetic" and had a history of hypertension in his presentence report, he now asserts he suffers from additional "serious medical conditions."  These medical conditions are neither supported by documentation nor qualify as "a serious physical or medical condition … that substantially diminishes the ability of [DiPietro] to provide self-care" while in BOP custody. U.S.S.G. §1B1.13(b)(1)(B)*; see e.g.*, *United States v. Dawkins*, No. 17–80095, 2024 WL 5221200, at *3 (S.D. Fla. Dec. 26, 2024) ("A showing that an illness is chronic or serious alone is not enough to satisfy the extraordinary and compelling standard."); *United States v. Teman*, No. 16–00696, 2024 WL 262781, at *6 (S.D.N.Y. Jan. 24, 2024) ("[T]he decisive question is not whether [the defendant] would fare better and receive better care if living at home," but "how [the defendant's] medical conditions measure against the demanding standards set

2

by the Sentencing Commission for when such condition(s) are *extraordinary and compelling* so as to qualify for compassionate release."); *United States v. Gomez-Moreira,* No. 20–00151, 2024 WL 245640, at \*3 (E.D. Cal. Jan. 23, 2024) ("Diagnoses for chronic conditions, which are treatable by the BOP, such as diabetes, hyperlipidemia, and hypertension, do not establish extraordinary and compelling reasons that merit compassionate release."). Of note, DiPietro's medical condition does not prevent him working as a front lobby orderly. (ECF No. 27–1 p. 1.) No information has been submitted to show that the BOP has failed to provide DiPietro with necessary or timely treatment for his medical conditions. *See United States v. Fanelli,* No. 16–00110, 2025 WL 2267636, at \*5 (D.N.J. Aug. 8, 2025) ("[C]ourts have denied compassionate release where the record showed BOP addressed a defendant's medical condition and provided treatment.").

7.     DiPietro has also not satisfied his burden to demonstrate that he is the only person that can care for his children. U.S.S.G. §1B1.13(b)(3)(A); *see e.g.*, *United States v. Seals*, 509 F.Supp.3d 259, 263 (E.D. Pa. 2020); *United States v. Walker*, No. 19–00928, 2024 WL 580152 at n.2 (D.N.J. Feb. 13, 2024). His wife is not incapacitated and he has other family members that live in the area.

Accordingly,

**IT IS** on this   **11th** day of **March 2026   ORDERED** that:

1.     The Motion (ECF No. 24) is **DENIED**.

2.     The Clerk of the Court is directed to terminate the Motion and send a copy of this Opinion and Order to DiPietro by regular mail.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**
